## Case No. 4,779.

### FIFTEEN PIECES OF BLACK SILK.

[3 Ben. 189.][1]

District Court, S. D. New York. April, 1869.

T. Simons, Asst. Dist. Atty., for the United States.

M. V. B. Wilcoxson, for claimant.

BLATCHFORD, District Judge. This is an information in a cause of seizure and forfeiture of certain goods for an alleged violation of the 46th and 68th sections of the act of March 2, 1799 (1 Stat. 661, 677), and of the 4th section of the act of July 18, 1866 (14 Stat. 179). On the facts shown to the court, the goods were smuggled into the United States, in the ship Australasian, from Liverpool, by a passenger from Liverpool, as personal baggage. A claim has been filed to the goods, by one Josias Taylor, as agent for one George Pursey, who is sworn by Taylor to be the owner of the goods and to reside in London. An application is made to the court by the claimant for the delivery of the goods to him, as such agent for such owner, on an appraisement thereof and the execution of a bond therefor, in pursuance of the requirements of the 89th section of the act of March 2, 1799.

I concur with Mr. Justice Story (The Struggle [Case No. 13,550]) in the view, that the provision for the bonding of seized property, made by the 89th section of the act of 1799, applies only to seizures for violations of that act, and that, even under that section, a delivery on bail is not compulsory on the court, but is a matter of sound discretion. It is, therefore, discretionary with the court, as regards both of the statutes under which this case is prosecuted, whether it will deliver the goods on bail.

It appears, by the papers, that Pursey, the alleged owner, came as passenger in the ship, and himself conducted in person the smuggling proceedings on board of the vessel, which consisted in representing the property as personal baggage, and in offering money to the inspector to pass it. Why Pursey does not himself make the claim and verify it is not explained, nor does he make any affidavit in explanation of the facts sworn to by the inspector. In view of the provisions of the 4th section of the act of 1866, that, in all cases where the possession of goods brought into the United States contrary to law shall be shown to be in a defendant, or where he shall be shown to have had possession thereof, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury, and of the fact that the claimant in this case swears that Pursey is the owner of all the property, and that it is apparent from the papers, that Pursey was in possession of all of the property on board of the vessel, and of the circumstances of the smuggling, I cannot regard this as a proper case in which to allow the property to be delivered on bail. Mr. Justice Story, in the case before referred to, says: "I cannot say that I approve of the practice of an indiscriminate delivery of property seized, on giving bail for the appraised value. It is attended with many inconveniences and often leads to frauds. In the exchequer, in England, no delivery is allowed, unless the property be perishable, or the government officers have been guilty of laches and delay in the prosecution." Such a practice is a sound one. The property in this case consists wholly of dry goods and not at all of perishable articles, nor has there been any delay in the prosecution. The seizure was made March 5th, 1869, and the libel was filed March 13th, 1869.

The application is refused.